106 So.2d 212 (1958)
MARYLAND CASUALTY COMPANY and Marshall Motors, Inc., Petitioners,
v.
Michael T. MARSHALL, Jr., and The Florida Industrial Commission, Respondents.
No. A-489.
District Court of Appeal of Florida. First District.
November 10, 1958.
*213 Heskin A. Whittaker, Orlando, for petitioners.
Dudley Burton of Nichols, Gaither, Green, Frates & Beckham, Miami, and Burnis T. Coleman, Tallahassee, for respondents.
CARROLL, DONALD, Judge.
This cause comes before us upon the motion of the respondent Michael T. Marshall, Jr., to transfer these certiorari proceedings to the Court of Appeal for the Third District of Florida.
The respondent has filed with the Florida Industrial Commission a claim for compensation under the Workmen's Compensation Law of this state. The Deputy Commissioner found the claim to be compensable, and the Commission affirmed the Deputy Commissioner's order. The employer and its surety then filed a petition in this Court of Appeal for a writ of certiorari to review the order of the Commission.
The motion to transfer was filed pursuant to the provisions of Rule No. 2.1, subd. a(5) (d) of the Florida Rules of Appellate Procedure, 31 F.S.A., which reads in part:
"When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction. * * *"
*214 The following facts shown by the record are pertinent to a consideration of the motion to transfer. The accident giving rise to the claim for compensation occurred on February 10, 1957, at New Symrna Beach, in Volusia County, Florida. On October 18, 1958, a hearing on the merits was held in Miami, Dade County, Florida, at which hearing testimony, transcribed on one hundred and sixty pages of the record was taken. At this hearing four depositions were entered in evidence, three of which were taken in Miami of Miami witnesses, the fourth deposition having been taken in St. Petersburg of a witness living in that city. At the conclusion of the hearing in Miami the Deputy Commissioner, Mrs. B.T. Miller, suggested that the attorneys make further arguments in Jacksonville and said that she would see them all in that city. The order of the Deputy Commissioner allowing the claim concluded: "So ordered at Jacksonville, Duval County, Florida, this 31st day of January, A.D. 1958."
The decision as to whether the motion to transfer should be granted depends upon our construction of the underscored language of Section 440.27(1), Florida Statutes, F.S.A., which reads as follows:
"(1) Orders of the full commission entered pursuant to § 440.25 of this chapter shall be subject to review only by petition to the district courts of appeal for writ of certiorari. The petition shall be to the district court of appeal in the appellate district in which the issues involved were determined by a deputy commissioner, and shall be filed in accordance with rules of procedure prescribed by the supreme court of Florida for review of such orders. The Florida industrial commission shall be made a party respondent to every such proceeding." (Emphasis supplied.)
The question, then, is whether under the facts of this case the issues involved were determined by the Deputy Commissioner in Dade County (which is in the Third Appellate District), where the hearing on the merits was held, or in Duval County (which is in the First District), where the Deputy Commissioner's order was entered.
Are the issues in a workmen's compensation case determined at the hearing on the merits or are they determined only when and where the Deputy Commissioner makes up his mind about the issues and enters his order?
Movant in support of his motion refers us to the definition of the term "issues" in "Words and Phrases", including the following from the opinion in General Electric Company v. Sapulpa & I.R. Co., 49 Okla. 376, 153 P. 189: "Issues, either of law or fact, are determined by a trial by the authority, in the manner and according to the forms and usages of law."
The petitioners in opposing the motion point out that the accident out of which the claim arose occurred in Volusia County, which is in the First Appellate District, that the Deputy Commissioner who heard the case in Miami serves in the First Appellate District, and that it was merely by agreement and for convenience that the testimony was taken before her in Miami. The petitioners further argue that the Deputy Commissioner's remarks at the conclusion of the hearing in Miami with regard to later arguments in Jacksonville indicated that she had not determined the issues in Miami and did not do so until after arguments were made to her in Jacksonville.
If we were to accept the reasoning of the petitioners and hold that the issues are determined by a Deputy Commissioner only when he makes up his mind as to what order he will enter and where he enters it, then we would have to embark upon an uncertain course of speculation and try to decide when and where a Deputy Commissioner marshalled his thinking processes so and decides what kind of an order he should enter. For example, if the Deputy Commissioner in this case had, on her return trip from the Miami hearing, stopped *215 in West Palm Beach, Palm Beach County (which is in the Second Appellate District), and there wrote and entered her order, the proper court in which to file this petition for writ of certiorari would be the Court of Appeal of the Second District of Florida. With such a definition of the determination of issues, few records ever would or could establish clearly what appellate court had jurisdiction, and the parties as well as the courts would almost invariably be in unresolvable doubt on the vital point of jurisdiction.
Pertinent rules of statutory construction established in Florida are that where the meaning of a statute is at all doubtful, "the law favors a rational, sensible construction" (Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152, 153), that the interpretation of statutory provisions "may be controlled by their practical operation and effect" (Latham v. Hawkins, 121 Fla. 324, 163 So. 709, 710), and that no literal interpretation should be given "that leads to an unreasonable conclusion or purpose not designated by the law-makers" (State ex rel. Hughes v. Wentworth, 135 Fla. 565, 185 So. 357, 360).
Looking at the purpose of the amendment, adopted in 1956, to Article V of the Florida Constitution, creating the District Courts of Appeal, we find that one of the amendment's purposes was to make more convenient to the parties and their lawyers resort to the new Courts of Appeal. Here the respondent employee lived in Miami, the employer's place of business was in Miami, and all of the witnesses at the hearing and three of the four witnesses whose testimony was taken by deposition lived in Miami, none in the First Appellate District. Another consideration is that, if the appellate jurisdiction should depend upon the place where the Deputy Commissioner makes up his mind and enters an order, this would open the door to the Commission virtually to select its appellate court through its assignment of Deputy Commissioners.
It is our conclusion, therefore, that the motion to transfer should be, and it is, granted, and this cause, pursuant to Rule No. 2.1, subd. a(5) (d), Florida Appellate Rules, is transferred to the Court of Appeal for the Third District of Florida. We will enter an appropriate order of transfer simultaneously with the filing of this opinion.
STURGIS, C.J., and WIGGINTON, J., concur.