143 So.2d 682 (1962)
Mildred Denitz CONASCENTA, Appellant,
v.
Tullio James GIORDANO, Administrator Cta of the Estate of Mario Giordano, a/k/a Robert Raymond, Deceased, Appellee.
No. 61-845.
District Court of Appeal of Florida. Third District.
July 24, 1962.
Rehearing Denied September 5, 1962.
Sandler & Sandler, Miami, for appellant.
Joseph Pardo, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
The appellant, Mildred Denitz Conascenta, former putative wife of Mario Giordano, also known as Robert Raymond, deceased, petitioned the County Judges' Court of Dade County for probate of will and letters of administration cum testamento annexo.
The appellee, Tullio James Giordano, is the brother of the deceased and the administrator of the said brother's estate. The appellee filed his objections to the appellant's above-mentioned petition for probate. The ground set forth that is most material to this appeal is "that the decedent and the sole named beneficiary therein have been divorced subsequent to the execution of the Last Will and Testament." By this objection the appellee has squarely raised the issue of whether the petitioner is barred from taking under the will of the deceased herein by virtue of § 731.101, Fla. Stat., F.S.A.[1]
The cause was tried by the trial judge upon the petition and this objection, as well *683 as one other objection not material to this appeal.
The salient facts which were proved or admitted in the trial are: That at the time of the execution of the last will of the decedent on the 17th day of July, 1947, the petitioner, Mildred Denitz Conascenta, and the decedent, Mario Giordano, also known as Robert Raymond, were living and cohabiting together as husband and wife in the city of Philadelphia, Pennsylvania; that Mildred Denitz was then known as Mildred Raymond; that thereafter, in the year 1948, Mildred Denitz and Robert Raymond, the decedent, obtained a license to marry and were married by a magistrate in a civil ceremony of marriage; that after the marriage the petitioner and the decedent did live and cohabit together as husband and wife until the year 1950, at which time the petitioner filed a suit for divorce in the state of Pennsylvania and obtained a final decree of divorce from the decedent.
It is further shown by the evidence that after the divorce was obtained, Mildred in 1950 married Conascenta and has remained married to him up to the present time; that the decedent Mario, came to the state of Florida and entered into a ceremony of marriage after having obtained a license therefor with one Madylon Smith in the year 1956; that while Mario and Madylon were living together as husband and wife by virtue of the said ceremony, a woman named Rose appeared on the scene claiming to be the wife of Mario by virtue of a ceremony of marriage entered into with him long prior to his relationship with Mildred, the petitioner; that the marriage between Mario and Rose was admitted, but the existence of such marriage was not known by Mildred until sometime after she had obtained a decree of divorce from him; that Mario brought suit for divorce in Dade County against Rose and a final decree of divorce was granted dissolving the marriage between Mario and Rose; that soon thereafter, Mario died and Madylon tried, in the courts, to have herself declared the surviving spouse of Mario, but she was not successful; that a short time thereafter, appellant, Mildred Denitz Conascenta, filed her petition for probate of the will and for determination of her rights as beneficiary of the decedent's estate thereunder.
After a full hearing, the trial judge found and held that the effect of § 731.101, Fla. Stat., F.S.A., did not revoke the will of the decedent but only made void any provisions of the said will affecting the surviving divorced spouse. In the trial judge's order admitting the will to probate, he stated, in part, the following:
"The petitioner contends that Mario having been lawfully married to Rose and being her legal husband at the time of his marriage to her (Mildred Denitz) in 1948, her marriage to Mario and her subsequent divorce obtained in Pennsylvania in 1950 were nullities and, therefore, she was never his wife, never his divorced spouse, and consequently could not be brought within the prohibitive provisions of the statute as a beneficiary under his Last Will and Testament.
"In determining this question, it is necessary to construe the meaning and intent of the statute and to give it effective purpose within the law. The Court finds that it is the intent of the legislature and the statute enacted that where provision is made in a Last Will and Testament by one spouse for the benefit of the other and the relationship of husband and wife is terminated by divorce, the benefits to the surviving spouse shall be cut off and made null and void by virtue of the divorce. At the time the Will of Mario Giordano also known as Robert Raymond was executed, the petitioner, Mildred, was living and cohabiting with him and was referred to as a sole beneficiary in the Will under the name of Mildred Raymond. They later went through a marriage ceremony before a magistrate and lived together as husband and wife. In 1950 they were divorced *684 in a proceeding instituted by the petitioner. During all that time the decedent and the petitioner considered themselves as husband and wife. They freely and voluntarily entered into the relationship. It was by virtue of that relationship that the Will was executed naming the petitioner, Mildred as sole beneficiary thereof. To permit the petitioner to now renounce the marital relationship and renounce the final decree of divorce by virtue of which she now enjoys a marital relationship with Conascenta and permit her to take as a sole beneficiary under the decedent's Will would be in violation of and contrary to the plain intent and purpose of the law of this state as expressed by the legislature in Section 732.261, Florida Statutes."
The appellant has assigned the court's construction of the statute as error. It is the appellant's contention that she was never the spouse of the decedent, and, never having been married, the divorce proceedings were of no effect and without meaning.
It is true that the appellant was never the lawful spouse of the deceased, because a person can have only one lawful spouse at the same time. In this case the lawful spouse was Rose. However, we agree with the trial judge that to permit the appellant to recover on the ground that she was not the legal spouse of the deceased would be contrary to the purpose and intent of the legislature in enacting § 731.101, supra.
Where, as in the case at bar, a literal interpretation of the statute would lead to an unreasonable conclusion or purpose not designated by the legislature, it is the court's duty to interpret the statute in accord with the clear purpose and intent of the legislature. See Ozark Corporation v. Pattishall, 135 Fla. 610, 185 So. 333; State v. City of Miami, 101 Fla. 292, 134 So. 608; Maryland Casualty Company v. Marshall, Fla.App. 1958, 106 So.2d 212.
Accordingly, we hold that the trial judge was correct in finding that the appellant was prohibited from taking under the will of the deceased by reason of § 731.101, supra.
Affirmed.
NOTES
[1] "Will void as affecting surviving divorced spouse. All wills offered for and admitted to probate subsequent to June 11, 1951, made by husband or wife who have been divorced from each other subsequent to the date of said will, shall be made null and void by means of said divorce insofar as said will affects the surviving divorced spouse."