PER CURIAM.
In this appeal, plaintiffs seek review of an adverse summary final judgment in a class action for money damages, declaratory judgment and injunctive relief. The summary final judgment contains the following findings of fact by the trial court: (1) that in October of 1975, plaintiffs filed this class action on behalf of themselves and other similarly situated employees of the Dade County Public Safety Department against their employer, Metropolitan Dade County, seeking monetary, declaratory and injunc-tive relief for the alleged deprivation of certain supplementary pay benefits; (2) that in October of 1970, the Dade County Commission adopted Resolution No. R-1278-70, amending the pay plan for county service for 1970-1971 by providing a one pay step salary supplement to classified law enforcement personnel with baccalaureate or higher degrees in academic fields covered by the Law Enforcement Assistance Act, who are not required to have such degrees upon employment into their classification; (3) that effective July 1, 1974, Section 23.-078, Florida Statutes (Supp.1972), established a salary incentive program for local law enforcement officers by providing them the maximum amount of $130.00 per month as an educational incentive based upon attainment of a community college degree, a bachelor’s degree, and/or completion of approved training courses; the funding for *789 this program was to come from the 1972 Federal Revenue Sharing Act; (4) that Section 23.078(f), Florida Statutes (Supp.1972), provided that no local unit is to use any state funds received or federal funds made available under Section 23.073, for the purpose of circumventing payment of any currently planned or existing salary or compensation plan which provides normal pay increases periodically to its law enforcement officers; (5) that in August of 1974, the Florida Legislature repealed Section 23.078, Florida Statutes (Supp.1972), and replaced it with Section 943.22, Florida Statutes (Supp.1974), which contains the same provisions as its predecessor, Section 23.078, supra, as mentioned in paragraphs 3 and 4 above; (6) that in December of 1974, the Dade County Commission adopted Resolution No. R-1444-74, which retroactively amended the pay plans for county service for 1973-1974 and 1974-1975, to conform to the state statutory requirements of Section 23.078 as amended, by providing for classified law enforcement personnel to receive either the amount required by Section 23.-078, Florida Statutes (Supp.1972), or a salary supplement equal to a one-step increment in pay, whichever was greater, it being the position of the plaintiffs that this action by the county was- contrary to sub-paragraph (f) of Section 23.078, as amended, and therefore, the plaintiffs are entitled to receive both the educational supplements provided in County Resolution R-1280-70, and in Section 23.078, Florida Statutes (Supp.1972), as amended by Section 943.22, Florida Statutes (Supp.1974).
The summary judgment continues with the trial court’s conclusions of law,
“Statutes should not be construed so as to create absurd results and if a literal interpretation of a statute leads to an unreasonable conclusion or purpose not designated by the legislature, the statute should be interpreted in accordance with the clear purpose and intent of the legislature. Smith v. Venus Condominium Association, Inc., 343 So.2d 1284 (Fla. 1st D.C.A. 1976); . . . Conscenta v. Girodino, 143 So.2d 682 (Fla. 3rd D.C.A. 1962); Maryland Casualty Company v. Marshall, 106 So.2d 212 (Fla. 1st D.C.A. 1958); State v. Wentworth, 185 So.2d 357 (Fla.1938). The law favors a rational, sensible construction of statutes and thus the interpretation of statutory provisions niay be controlled by their practical operation in effect. Maryland Casualty Company v. Marshall, supra.
Plaintiffs’ reasoning distorts the clear purpose and intent of Section 23.078(f) as amended (943.22(f)). By simply reading the section, one can ascertain that this subsection refers to attempts to reduce the basic civil service pay scale of a police officer and then, through the use of said supplementary benefits to increase same to equal the amount previously received prior to the adoption of the statute. The subsection clearly was not intended to deal with the situation in the instant case where the local government already had in effect an educational pay supplement program. As then County Manager R. Ray Goode noted in his explanatory memorandum to the Board of County Commissioners .
'The Police Standards Board has indicated that this pay amendment exceeds the State requirements. Board representatives have stated that the law did not anticipate local governments having already taken the initiative to establish educational pay supplements for law enforcement officers. In addition to exceeding the requirements of the law, the policy proposed in the attached resolution establishes, what we believe to be, a reasonable relationship between incentive and objective.
The suggestion has been made to the Commission by the Dade County Police Benevolent Association that the County pay the $80 per month supplement in addition to one pay step. We feel that such a “doubling up” of benefits would place this incentive grossly out of proportion.’
It is therefore obvious that said statute was intended to give every police officer in every county in the State of Florida uniform supplementary pay benefits *790 which were already provided to those officers fortunate enough to be in the employ of Metropolitan Dade County. (See, generally, A.G.O. 072-308 and Section 943.24(18), Florida Statutes (Supp.1974), wherein the Legislature stated that it was their intent ‘to provide state monetary supplement to effectuate an upgrading of compensation for all law enforcement officers, and to upgrade the educational and training standards of such officers). Thus, to adopt the interpretation of the plaintiffs would penalize Dade County for providing supplements prior to a uniform state provision and place a greater onus on Dade County than on any other county in the state. Accordingly, it is
ORDERED AND ADJUDGED that:
1. Plaintiffs’ motion for summary judgment be and the same is hereby denied.
2. Defendant’s motion for summary judgment be and the same is hereby granted.
3. Summary Final Judgment be and the same is hereby entered in favor of the defendant, Metropolitan Dade County, and against the plaintiffs.
4. The plaintiffs have and recover nothing of the defendant, Metropolitan Dade County, and their complaint be and the same is hereby dismissed on the merits.”
We find the foregoing summary final judgment to be accurate, complete and a fair disposition of the cause of action. Therefore, we adopt it as the opinion of this court (with the exception of one case citation which we omitted as we found it to be inapplicable). The thrust of this case revolved around statutory interpretation. There being no genuine issue of material fact, we find that the trial court made the proper interpretation.
Clearly, the state statute and the county resolution both were enacted to serve the same purpose, namely to upgrade the educational and training standards of law enforcement officers. To grant the relief sought by the plaintiffs in this case, would place an undue burden on Dade County, penalizing it for having provided pay supplements prior to the enactment of the uniform state provision. Therefore, the summary final judgment is affirmed.
The cross-assignments of error raised by the defendant, Dade County, are without merit and will not be discussed.
Affirmed.