368 So.2d 620 (1979)
STATE of Florida ex rel. Gerald Dennis REGISTER, Petitioner,
v.
Louis SAFER, a Judge of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Respondent.
No. MM-374.
District Court of Appeal of Florida, First District.
March 14, 1979.
*621 Louis O. Frost, Jr., Public Defender, for petitioner.
Jim Smith, Atty. Gen., for respondent.
PER CURIAM.
Petitioner, a 17-year-old charged with burglary and grand theft in the adult division of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, seeks a writ of prohibition. It is his contention that the adult division of the Circuit Court is without jurisdiction to proceed further against him. The trial court, in a well-reasoned, scholarly opinion, denied a motion to dismiss the case. We agree with the trial judge's opinion and adopt it as our own, publishing it as follows:

"Findings of Fact

Gerald Dennis Register is seventeen (17) years old. He was arrested on charges of Burglary and Grand Theft on October 27, 1978. Upon his arrest he was taken to the Duval Regional Detention Center. He appeared before the Juvenile Court on October 27, 1978 and was ordered detained pursuant to Section 39.032 Florida Statutes. Gerald Dennis Register remained in secure detention at the Duval Regional Detention Center, without opportunity for bond, until *622 November 17, 1978. On that date an Order was entered by the Juvenile Court releasing the Defendant from secure detention pursuant to Section 39.032(5)(c) Florida Statutes. An Information was filed by the State Attorney on that same date, and upon the release of the Defendant from secure detention he was taken to the Duval County Jail, a warrant based upon the Information having been issued. The Defendant was incarcerated at the Jacksonville Correctional Institution. Arraignment upon the Information was had in this Court on November 28, 1978.

Contentions
A. Defendant contends that once the Juvenile Division of the Circuit Court has obtained jurisdiction by virtue of the detention hearing, that the State Attorney is prohibited from filing an information placing jurisdiction in the Felony Division of the Circuit Court until the Juvenile Court Division has entered an order relinquishing jurisdiction. No such order has been entered by the Juvenile Division in this case.
Defendant relies upon wording of Section 39.02, Florida Statutes, which is part of Chapter 39, known as the Florida Juvenile Justice Act, and which became effective October 1, 1978. Section 39.02 is entitled `Jurisdiction' and sets forth in part:
(1) The Circuit Court shall have exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.
(4) (W)hen the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age... .
(5) (d) Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, an indictment, or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violations of Florida law.
(7) Nothing in this chapter shall be deemed to take away from the court any jurisdiction or duties conferred upon the court by general law.
B. State contends that under Section 39.04(2)(e)(4) Florida Statutes, an Information may be filed against certain juveniles and that even if the Juvenile Court has obtained jurisdiction over the child and the case, no order relinquishing the jurisdiction is necessary. Section 39.04 is entitled `intake' and sets forth in part:
(e) The State Attorney may:
(4) With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts one of which involved an offense classified under Florida law as a felony.

Law
The matters mentioned in the Motion to Dismiss are not deemed by the Court to be frivolous, but seem to point out inartfully prepared legislation. There is no doubt that the legislature could have been more specific. For example, in Section 39.02(4)(c), which permits grand jury action against a juvenile under certain conditions, the statute specifically states `when an indictment is returned, the petition for delinquency, if any, shall be dismissed'. The Legislature could have been equally explicit in connection with the filing of an information by the State Attorney and it would not be necessary for the Court to attempt to determine the legislative intent. However, this is an important function of the Court, because no legislature is so wise that it can foresee every potential conflict or inconsistent *623 area within a piece of massive legislation such as the revision of Chapter 39.
In Part I, Section 39.001(4), it is stated:
It is the intent of the legislature that this chapter be liberally interpreted and construed in conformity with its declared purposes.
Section 39.003 expresses part of the declared purposes:
To assure that the prosecution and disposition of a child charged and found to have committed a violation of Florida law be executed with appropriate discretion and in keeping with the seriousness of the offense ____ (emphasis added).
In whom did the Legislature intend to place discretion? Certainly not the Courts because the Courts are not responsible for the prosecution of a child  the Courts are neutral. It is the State Attorney's office that has the responsibility of the prosecution of a child and it is the State Attorney who is given discretion by the Legislature to file an information in the Felony Division under certain conditions.
If the Court were to accept the contention of the Defendant, this new discretion set forth by the Legislature could only be exercised by the State Attorney in one of two ways: (1) either by filing the information so hastily that the child never appears before a Juvenile Judge, or (2) by asking the Juvenile Judge to relinquish jurisdiction. As to first possibility, it would seem impractical for the State to have gathered sufficient information within 48 hours to determine if it desires to exercise its discretion. As to the second possibility, what is to be gained by seeking from the Juvenile Division a relinquishment of jurisdiction so that the case can be heard by the Felony Division? The Statute does not set forth any standard to guide the Judge of the Juvenile Division in making such a determination, other perhaps than to determine whether the child meets the criteria, which right the child can challenge by motion under Section 39.04(2)(e)(4). If the Defendant's contention were correct, would not the Legislature have inserted requirements as to such a hearing by the Juvenile Judge? If the transfer is a perfunctory duty of the Judge of the Juvenile Court, which it would appear to be from the statute if the Defendant's contention is correct, then all that is being accomplished is more paper work and consumption of time; such waste of time and energy is never beneficial to the judicial system, particularly when viewed in the perspective of speedy trial deadlines and crowded court calendars. It would not seem logical that it was the intent of the Legislature to compound these problems now existing in our judicial system.
The new law in Section 39.09(2) still provides for the certification of juveniles under the procedure set forth therein; however, it should be noted that the last sentence of (2)(a) says: ____ the State Attorney shall file a motion requesting the Court to transfer the child for criminal prosecution or file an information pursuant to s. 39.04(2)(c)[e]4, if applicable (underlined portion is new language of statute). If defendant's contention is correct, then in almost all cases the right to file an information as provided by statute would be eliminated.
The Legislative act is also silent on another point, which could be improved upon, and that is during what length of time can the State Attorney act. As now written, the State Attorney would have the time allotted by the statute of limitations to bring such charges, subject, of course, to prior action of the Juvenile Division finding the Defendant either guilty or not guilty of the delinquency, in which case such determination by the Juvenile Division would be final and would bar any action by the State Attorney in placing the child in double jeopardy. Perhaps the statute is silent on the point, because it would appear so obvious that no one would think to the contrary.
The State also points out that Section 39.02(5)(a) which covers the certifying of a child for trial as an adult uses the language `transferring the case' and leaves out the previous language of waiving jurisdiction. Likewise, subsection (b) states that the Court (eliminating `judge') shall transfer (eliminating `waive jurisdiction') and certify the case ____. The State therefore contends *624 that the jurisdiction argument of defendant is faulty in that the Circuit Court has jurisdiction in both a child delinquency or an information filed against a child, and the Legislature by removing the language in these sections regarding jurisdiction being divested or waived, intended the procedure to be streamlined.
Certain principles of law involving statutory construction have been enunciated by Florida courts, which offer guidance in reaching a decision in this case. In setting forth these principles, the Court does not mean to imply that the facts of the cited case are similar to the facts of the case sub judice, but only that the quoted principle is deemed applicable:
1. The Courts have no function of legislation, but simply seek to effectuate the intent of the legislature. (State ex rel. Hanbury, et al vs. Tunnicliffe [98 Fla. 731], 124 So. 279, Florida, 1929)
2. One of the fundamental rules of construction is that the legislative intent must be ascertained and effectuated. The Courts will not ascribe to the legislature an intent to create absurd or harsh consequences, and so an interpretation avoiding absurdity is always preferred. Where two or more interpretations can reasonably be given a statute, the one that will sustain its validity should be given and not the one that will destroy the purpose of the statute. (City of St. Petersburg vs. Siebold, et al, 48 So.2d 291, Florida, 1950) (State ex rel Florida Industrial Commission vs. Willis, 124 So.2d 24 [48], DCA 1, 1960)
3. In ascertaining the legislative intent, the Court will consider the history of the Act, the evil to be corrected, the purpose of the enactment, and the law then existing bearing on the same subject. (State Board of Accountancy vs. Webb, 51 So.2d 296, Florida, 1951)
4. Where a literal interpretation of the statute would lead to an unreasonable conclusion or purpose not designated by the legislature, it is the Court's duty to interpret the statute in accord with the clear purpose and intent of the legislature. (Conascenta vs. Girodano [Giordano], 143 So.2d 682, DCA 3, 1962, 143 So.2d 682)
5. Universal rule that statutes must be so construed as to avoid absurd results. (Sharon vs. State, 156 So.2d 677, DCA 3, 1963)
6. A basic rule of statutory construction requires that legislative intent be gathered from consideration of the statute as a whole rather than from any one part thereof. (Florida Jai Alai, Inc. vs. Lake Howell Water and Reclamation District, 274 So.2d 522, Fla., 1973).

Conclusions
1. One of the purposes of the revision of Chapter 39 was to permit the State Attorney to prosecute certain juveniles in the Felony Court by filing an information rather than to await certification by a Judge of the Juvenile Division of the Circuit Court.
2. By such revision, the Legislature intended to give discretion to the State Attorney's office in prosecuting juveniles under certain conditions and did not intend for the State Attorney's office to be bound by the certification provisions, which places discretion in the Judge, and which requires determination by the Court of certain factors as set forth in 39.09(2)(c).
3. Therefore, considering the entire statute, I find that the State Attorney has the right to file an information in the Felony Division of the Circuit Court against a juvenile, pursuant to Section 39.04(2)(e)4, without first obtaining a written waiver or transfer of jurisdiction from the Juvenile Division of the Circuit Court, notwithstanding that the juvenile has theretofore appeared before the Juvenile Division."
PROHIBITION DENIED.
McCORD, C.J., and MILLS and MELVIN, JJ., concur.