PER CURIAM.
Pending final resolution of the constitutional issues which may inhere in our exercise of jurisdiction in this appeal of a worker’s compensation order entered in Palm Beach County (see Miami-Dade Water & Sewer Authority v. Cormio, et al., cases QQ-421 and RR-83, DCA 1, order entered December 13,1979), we conclude in favor of determination of the merits of the appeal and affirmance of the order appealed. This exercise of jurisdiction, however, is based solely on the absence of any challenge by the parties in this case, together with presumptions consequent on certification of the relevant jurisdictional issues to the Supreme Court by a panel of this court deciding in favor of validity of the controlling statute in the cases above cited. However, our choice against disposition of this cause based on sua sponte treatment of constitutional issues rests on consideration of orderly interim procedure and the potential for de facto authority in the mass of affected appeals, and not on concurrence with the conclusions reached in the certified cases relative to those issues. Instead, there appears to us at this time to be no basis for finding such administrative orders to constitute state agency action occurring within this district,[1] and no defensible construction of Art. V, Sec. 4(b)(2), Fla.Const., other than to permit general laws prescribing for any district court the “power of direct review of administrative action” with that district.[2] Notwithstanding that view, for reasons aforesaid, we affirm.
SHAW and WENTWORTH, JJ., concur.
BOOTH, J., dissents.

. Cf., Maryland Casualty Co. v. Marshall, 106 So.2d 212 (Fla. 1st DCA 1958); § 440.25(3)(b), Fla.Stat.; § 440.45(3)0), Fla.Stat.

. Section 46, Chapter 79-40, Laws of Florida, would appear also to require consideration (in cases involving review of action in other districts) of the impact of Secs. 10 and 11 of Art. V, Fla.Const., detailing procedures for judicial nomination and retention elections limited to voters within a district.