COWART, Judge.
Appellant, aged seventeen, was charged with robbery and aggravated assault by a direct information filed under section 39.-04(2)(e)4., Florida Statutes,
Appellant contends that section 39.-04(2)(e)4., Florida Statutes, authorizing a direct information as to a sixteen or seventeen year old offender, is in conflict with section 39.02(5)(c), Florida Statutes, which requires indictment for a life offense, and appellant also attacks the first statute as an ex post facto law. Appellant further contends, as he is a juvenile, the juvenile division of the circuit court had and retained jurisdiction over him under section 39.02, Florida Statutes; that since robbery[1] is a *62 life offense,[2] the only way jurisdiction over him can be transferred from the juvenile division to the criminal division of the circuit court is by waiver hearing,[3] waiver,[4] or indictment;[5] that none of these events occurred; that the juvenile division having jurisdiction and appellant being detained, the twenty-one day time limitation in section 39.032(5)(c), Florida Statutes, for holding an adjudicatory hearing on a detained child, the forty-five day time limitation in section 39.05(6), Florida Statutes, for filing a delinquency petition, and the ninety day time limitation in section 39.05(7)(a), Florida Statutes, for holding an adjudicatory hearing, all were exceeded thereby requiring appellant’s discharge.
The constitutionality of section 39.04(2)(e)4., Florida Statutes (Supp.1978), was upheld in State v. Cain, 381 So.2d 1361 (Fla.1980) [1980 F.L.W. 163], and in Gilmore v. State, 390 So.2d 69 (Fla.1980) [1980 F.L.W. 563], and in the latter case the application of that statute was held not to be ex post facto.
In Collins v. State, 381 So.2d 328 (Fla. 5th DCA 1980), a case involving chapter 39 prior to the 1978 amendment adding section 39.04(2Xe)4., after a waiver hearing under section 39.02(5)(a), Florida Statutes, the juvenile court transferred to the criminal division of the circuit court a juvenile charged with the life felony of robbery for trial on an information. On appeal this court held that although the juvenile was charged with a life offense an indictment under section 39.02(5)(c), Florida Statutes, was not the exclusive route to the criminal division of the circuit court for trial as an adult and that the State could properly proceed by waiver hearing and information. Although in Collins the State, to proceed by information rather than indictment, was required to obtain a transfer order, no such transfer order is required under section 39.-04(2)(e)4., Florida Statutes. State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979).
Finally, appellant contends that the trial judge did not sentence him in accordance with the mandatory requirements of section 39.111, Florida Statutes. However, there is no certification from the clerk of the circuit court that the record on appeal contains all matters relating to the sentencing of the appellant and there is some indication that the record is incomplete. Therefore we cannot determine with certainty that the trial court did not comply with section 39.111(6)(d).
Appellant’s conviction is affirmed without prejudice to the appellant to challenge the legality of his sentence for non-compliance with section 39.111(6)(d), Florida Statutes, by motion [6] in the trial court.
AFFIRMED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. § 812.13, Fla.Stat. (1979).

. Johnson v. State, 314 So.2d 573 (Fla.1973); Ringel v. State, 352 So.2d 88 (Fla. 4th DCA 1977).

. § 39.02(5)(a), Fla.Stat. (1979).

. § 39.02(5)(b), Fla.Stat. (1979).

. § 39.02(5)(c), Fla.Stat. (1979).

. See Fla.R.Crim.P. 3.800(a) and 3.850.