400 So.2d 10 (1981)
Ernest Junior LOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 59175.
Supreme Court of Florida.
June 4, 1981.
*11 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ENGLAND, Justice.
This case comes to us by direct appeal from a nolo contendere plea which specifically reserves the right to appeal constitutional issues raised in the trial court. Under Article V, section 3(b)(1), Florida Constitution (1972), we have jurisdiction to resolve issues properly raised by the motion which were reserved and which are dispositive of the proceeding. Brown v. State, 376 So.2d 382 (Fla. 1979).
All but one of appellant's constitutional challenges to section 39.04(2)(e)4, Florida Statutes (1979),[1] of Florida's Juvenile Justice Act have been resolved by our recent decision in State v. Cain, 381 So.2d 1361 (Fla. 1980). The one remaining challenge involves an alleged due process violation with respect to the application of that statute to the facts of this case. The gist of appellant's argument is that this statute improperly places on a juvenile the burden of proving that he should be treated as a juvenile rather than an adult since he is required to demonstrate that he has not committed two delinquent acts, one of which has been a felony. Appellant's argument is premised on the anomalous notion that "but for" the fact that a juvenile is sixteen or seventeen years of age and, "but for" the fact that he has been found to have committed two delinquent acts, one of which is a felony, he could not have been prosecuted as an adult. Accordingly, appellant reasons, the commission of the delinquent acts constitutes a necessary element of the crime to be proved and, as such, the burden of proving these acts should lie with the state.
We find appellant's argument unpersuasive. As we stated in Cain, "a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature." 381 So.2d at 1363. "It is also clear that the state attorney's decision to bring criminal charges against a juvenile does not involve an `adjudication.' Rather, it is only the basis by which adjudication is initiated." Id. at 1366. Thus, since there is no adjudication involved in the state attorney's decision to treat appellant as an adult, it logically follows that section 39.04(2)(e)4, cannot, by any stretch of the imagination, be construed as an element of the crime of which the juvenile is charged.
Appellant further contends, as a practical matter, that section 39.04(2)(e)4 works a hardship on the juvenile inasmuch as he must secure documents from every county of residence to show that he has not been found to have committed two delinquent *12 acts, one of which is a felony. In this regard, we need only note that, under the statute, the juvenile is only required to submit some form of legally sufficient evidence that he has not committed the subject acts. An affidavit or testimony, for example, would be satisfactory for this purpose. Since the basis for the prosecutor's decision to prosecute as an adult is freely discoverable, see Florida Rule of Criminal Procedure 3.220(a), there is in reality no hardship involved in marshalling that evidence.
Appellant next argues that the state attorney may not file a direct information against a juvenile once a petition for delinquency has been filed in the juvenile division and thereby divest that court of jurisdiction, unless a written waiver or a transfer of jurisdiction is first obtained from that court. In State ex rel. Register v. Safer, 368 So.2d 620 (Fla.1st DCA 1979), virtually the identical contention was considered and rejected.[2] There the First District Court of Appeal held that the initial processing of a juvenile through the juvenile court system did not preclude the state attorney from filing an information in the felony division of the circuit court, and that he was not required to first obtain a written waiver or a transfer of jurisdiction from the court. We agree completely with the position taken by the First District Court of Appeal in Register and find it dispositive of the issue presented here.
In this connection, appellant also contends that the filing of the delinquency petition constitutes the "giving" of a right to continued juvenile treatment which may not be taken without due process. In Cain we stated that:
[W]e disagree with [the juvenile] defendants' threshold analysis that something is being "taken" from them as a result of their being prosecuted as adults rather than as juveniles... . [J]uveniles are given such immunity from criminal prosecution as is conferred on them under statute. Reading chapter 39 in pari materia, we note that while exclusive jurisdiction over juveniles is initially vested in the juvenile division of the circuit court, this jurisdiction is expressly qualified to the extent of the statutory exceptions... . Thus the statutory scheme of chapter 39 dispels any notion that a juvenile is guaranteed an absolute right to juvenile treatment.
381 So.2d at 1366. This analysis applies with no less force here and we hold that the filing of the information by the state attorney in this case did not violate due process.
Appellant's last contention relates to suppression of expert testimony which is in no way dispositive of the case and, consequently, is not reviewable. Brown v. State, supra.
The judgments and sentences of the circuit court are affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 39.04(2)(e)4 provides:

With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, [the state attorney may] file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
[2] In Register, unlike the instant case, only an initial detention hearing had been held and no petition for delinquency had yet been filed. This factual distinction is irrelevant, however, since in that case, like the instant case, the jurisdiction of the juvenile division had already attached prior to the state attorney's filing of the information. See § 39.06(7), Fla. Stat. (1979).