PER CURIAM.
In this appeal from a judgment and sentence for armed robbery, the appellant raises two issues. The first is an evidentia-ry issue at the joint trial of the appellant and his codefendant. The appellant contends that it was error to allow the State to present a taped statement of the only eyewitness to the crime, the convenience store clerk. The witness had difficulty in identifying the appellant’s codefendant at trial although she had easily identified him in her taped statement made the day after the crime as well as in a subsequent photopack identification. The witness had unequivocally and confidently identified the appellant at all times before and during the trial because of a personal acquaintance with him. We find that any error in allowing the taped statement, which merely repeated the already strong out-of-court and in-court identification of the appellant by the witness, was harmless error, if error at all. We therefore affirm on this issue.
In his second issue, the appellant contends that, since he was a juvenile when he committed the offense, the court committed error when it sentenced him as an adult without providing written reasons as mandated by section 39.111(7)(d), Florida Statutes (1987). He is correct, as the state concedes. State v. Rhoden, 448 So.2d 1013 (Fla.1984). We reverse on this issue alone and remand with directions that the necessary written reasons be provided by the trial court.
The conviction is affirmed, the sentence is reversed, and the cause is remanded with instructions.
RYDER, A.C.J., and DANAHY and LEHAN, JJ., concur.