544 So.2d 1077 (1989)
Anthony W. REED, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02254.
District Court of Appeal of Florida, Second District.
June 9, 1989.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant, a juvenile, challenges his sentence as an adult on grounds that the trial court failed to determine his suitability for adult sanctions and failed to enter a written order setting forth specific findings supporting the imposition of adult sanctions as required by section 39.111(7)(c) and (d), Florida Statutes (1988). We reverse.
In Eady v. State, 388 So.2d 9 (Fla.2d DCA 1980), this court held that even where, as here, a direct information is filed against a juvenile pursuant to section 39.04(2)(e)(4), the trial court is still required to make findings of fact pursuant to the statutory criteria. The direct filing of an information does not constitute an abandonment of rehabilitative efforts on behalf of the juvenile. State v. Cain, 381 So.2d 1361 (Fla. 1980). Moreover, failure to comply with the safeguards of the statute is harmful error. Proctor v. State, 373 So.2d 450 (Fla.2d DCA 1979).
Accordingly, we reverse the appellant's sentence and remand for resentencing pursuant to section 39.111. See Dix v. State, 533 So.2d 1189 (Fla.2d DCA 1988). If adult sanctions are again imposed, the trial court *1078 is directed to make the required finding in writing.
Reversed and remanded.
SCHEB, A.C.J., and HALL, J., concur.