PER CURIAM.
The defendant, a sixteen-year-old juvenile, was apparently originally taken into custody and detained as a juvenile offender (§ 39.03, Fla.Stat.) but the state attorney filed a direct information pursuant to section 39.04(2)(e)4., Florida Statutes, charging him with a felony (possession of cocaine, § 893.13(l)(f), Fla.Stat.). The defendant pleaded guilty and was placed on probation for three years under the supervision of the Department of Corrections. The defendant appeals arguing that the trial court failed to comply with the dictates of section 39.111(7)(d), Florida Statutes, concerning suitability for adult sanctions, in making the disposition that it did.
Although the defendant had not been transferred to the adult criminal division pursuant to sections 39.02(5) and 39.09(2), Florida Statutes, the requirements of section 39.111(7)(d), Florida Statutes, nevertheless apply. Reed v. State, 544 So.2d 1077 (Fla. 2d DCA 1989). See also State v. Cain, 381 So.2d 1361 (Fla.1980).
We vacate the defendant’s sentence because the trial judge failed to render, as required by section 39.111(7)(d), Florida Statutes, a written order containing specific findings of fact as to the suitability of imposing adult sanctions, a fundamental error. See State v. Rhoden, 448 So.2d 1013 (Fla.1984); Murphy v. State, 546 So.2d 1157 (Fla. 5th DCA 1989). We remand for resentencing.
SENTENCE VACATED and CAUSE REMANDED.
COWART, GOSHORN and HARRIS, JJ., concur.