FRANK, Judge.
James Weigel, appealing from his conviction for manslaughter, has raised four issues, two of which have merit.
First, Weigel contends that the trial court erred in failing to instruct the jury using the long form instruction on excusable homicide. Weigel’s counsel requested this instruction and lodged appropriate objections when the trial court refused to give it and after the trial court presented it to the jury in the short form. We recognize that the supreme court, in State v. Smith, 573 So.2d 306 (Fla.1990), has held that a trial court’s failure to give the long form instruction does not constitute fundamental error when the defendant has neither requested the long form instruction nor objected to it in its shortened version. In this case, however, where appropriate objections were asserted, the fundamental error concern is not present. Thus, we must determine whether the error is harmful. In Smith the supreme court recognized our observations in Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989) and in Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983), that the short form instruction may be “misleading in that it could be construed to suggest that a killing can never be excusable if committed with a dangerous weapon.” 573 So.2d at 311. Weigel was convicted of manslaughter when he stabbed the victim with a butcher knife after an altercation; thus, any confusion about whether his actions were even arguably excusable would be crucial. On this basis we reverse and remand for a new trial.
Weigel’s second contention is that the trial court erred when it sentenced the seventeen-year old defendant as an adult and deliberately ignored the statutory mandate of section 39.111(7)(d), Florida Statutes (1987):
Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons to impose adult sanctions.
Failure to comply with this section requires reversal of the sentence. See Dinks v. State, 561 So.2d 1280 (Fla. 2d DCA 1990); Dix v. State, 533 So.2d 1189 (Fla. 2d DCA *635 1988); Clemons v. State, 508 So.2d 430 (Fla. 2d DCA 1987).
Reversed and remanded for new trial.
SCHEB, A.C.J., and RYDER, J., concur.