BASKIN, Judge
(specially concurring).
I concur in the result only. The Juvenile Justice Act, chap. 39, sets forth the procedures for trying a juvenile as an adult. Sections 39.02(5)(a)-(c), .04(2)(e)(4), Fla.Stat. (1989). Section 39.04(2)(e)(4) delineates the state attorney’s authority to file directly an information in certain cases: the state attorney may “[w]ith respect to any child who at the time of the commission of the alleged crime was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.” Because Roberto Iglesias was 16 years old at the time of the commission of the crime, it was within the state attorney’s discretionary authority to file directly in the criminal division an information charging defendant with manslaughter.[1] E.g., *250 Allen v. State, 560 So.2d 1329 (Fla. 5th DCA 1990); Banks v. State, 520 So.2d 43 (Fla. 1st DCA 1987). It is of no moment that the state attorney had previously obtained a waiver of jurisdiction as to an amended petition for delinquency charging defendant with two counts of vehicular homicide. Pursuant to the statutory scheme, the filing of the information charging defendant with manslaughter invoked the jurisdiction of the criminal division obviating the need for waiver by the juvenile division. See Lott v. State, 400 So.2d 10 (Fla.1981) (where state initially files petition for delinquency prior to filing information waiver of juvenile court jurisdiction unnecessary); Whittington v. State, 543 So.2d 317, 319-320 (Fla. 1st DCA 1989); Dealto v. State, 392 So.2d 61 (Fla. 5th DCA 1981); State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979); see also State v. Cain, 381 So.2d 1361 (Fla.1980). For these reasons, I would affirm Iglesias’ convictions.

. Defendant does not contend that the state’s filing of the information was barred by any time limitations.