610 So.2d 450 (1992)
Mitchell PETITHOMME, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2797.
District Court of Appeal of Florida, Third District.
September 15, 1992.
*451 Bennett H. Brummer, Public Defender and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and GODERICH, JJ.
PER CURIAM.
The defendant, Mitchell Petithomme, appeals from a final judgment of conviction and sentence entered following his entry of a plea of nolo contendere. We affirm the conviction, but vacate the sentence and remand for resentencing.
While allegedly driving a stolen car with two other friends, the defendant lost control of the vehicle and crashed. The two passengers died as a result of the accident. At the time, the defendant was fifteen years old.
Originally, the state filed a petition for delinquency charging the defendant with two counts of third degree felony murder, one count of grand theft auto, and one count of burglary of a conveyance. The state also filed motion for waiver of jurisdiction. The trial court denied the state's motion seeking waiver of jurisdiction and discovery proceeded in juvenile court.
After reviewing the file, the State Attorney's office realized that the defendant's actions constituted first degree murder and decided to seek an indictment. The grand jury returned an indictment charging the defendant with two counts of first degree murder, one count of grant theft auto, and one count of burglary of a conveyance. After obtaining the indictment, the state was able to treat the defendant as an adult pursuant to section 39.02(5)(c)3, Florida Statutes (1989).
The defendant filed a motion to dismiss the indictment arguing that the state increased the charges against the defendant because it was dissatisfied with the trial court's ruling on the waiver motion. At the hearing on the motion to dismiss, the state argued that when it was reviewing the case, it discovered that the defendant could be charged with first degree felony murder. The defense argued that this was done to circumvent the juvenile court's ruling that the defendant could not be transferred to adult court. The trial court denied the motion to dismiss.
*452 The defendant entered a plea of nolo contendere to grand theft, burglary of a conveyance and two reduced counts of second degree murder, preserving his right to appeal from the trial court's order denying the motion to dismiss.
The trial court sentenced the defendant as an adult. However, the trial court did not enter written reasons for sentencing the defendant as an adult, but articulated that it was sentencing the defendant as an adult because of the seriousness of the offense, for the protection of the community, and the violent and premeditated manner in which the crime was committed.
The defendant contends that the trial court erred in denying the defendant's motion to dismiss the indictment where the indictment was obtained in order to circumvent the juvenile court's ruling that the defendant should not be waived over to adult court. We disagree.
The trial court correctly denied the defendant's motion to dismiss the indictment. The fact that the indictment was obtained after a juvenile court ruled that the defendant should not be waived over to the adult court is irrelevant. The defendant had not yet been adjudicated. No double jeopardy protections barred the state from seeking the indictment. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled, in part, on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The indictment was properly obtained. The grand jury heard the state's evidence and found that it was sufficient to warrant the charges for two counts of first degree murder.
Before the defendant had been adjudicated delinquent, the state realized that, through some oversight, it had not charged the defendant with first degree murder. The defendant concedes that the state was in a position to seek an indictment for the higher crimes from the very beginning. The state acted to remedy its oversight. "[P]rosecutors have the prosecutorial discretion to charge a defendant with the crime that the evidence establishes that the defendant committed, or any lesser crime thereof." Toledo v. State, 580 So.2d 335, 336 (Fla. 3d DCA 1991). Thus, the prosecutor acted within his discretion in charging the defendant of first degree murder and in prosecuting this cause. For the foregoing reasons, the trial court's decision to deny the motion to dismiss the indictment is affirmed.
As the state properly concedes, the trial court erred in imposing an adult sentence upon a defendant who was a juvenile without making the mandatory factual findings required by section 39.111(7), Florida Statutes (1989). See Silver v. State, 573 So.2d 1092 (Fla. 3d DCA 1991). The trial court's failure to provide factual findings in support of adult sanctions requires that the defendant's sentence be vacated and remanded to the trial court for resentencing. Kohler v. State, 588 So.2d 689 (Fla. 4th DCA 1991); Peaker v. State, 585 So.2d 1197 (Fla. 2d DCA 1991); Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990).
Conviction affirmed; sentences vacated and cause remanded for the trial court to make adequate written findings in support of the imposition of adult sanctions.