624 So.2d 853 (1993)
The STATE of Florida, Appellant,
v.
Fletcher EVERETT, Appellee.
No. 93-762.
District Court of Appeal of Florida, Third District.
October 5, 1993.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
PER CURIAM.
The State of Florida seeks review of an order transferring charges against Everett from the criminal division to the juvenile division of the circuit court. We treat the notice of appeal as a petition for certiorari. State v. Owens, 395 So.2d 1215 (Fla. 4th *854 DCA 1981). We grant the petition and quash the order under review.
The state filed a delinquency petition charging Everett in the juvenile division. The state filed a motion to transfer and to certify Everett for trial as an adult pursuant to section 39.052(2), Florida Statutes (1991). The juvenile division denied the motion. Thereafter, the state direct-filed an information against Everett in the criminal division pursuant to section 39.047(4)(e)(5), Florida Statutes (1991). Everett moved to dismiss the information; the court treated the motion as a motion to transfer, granted the motion, and entered an order transferring the cause back to the juvenile division.
We hold that the trial court departed from the essential requirements of law in transferring the cause, over state objection, to the juvenile division. The state attorney is not precluded from direct-filing an information despite initially filing a delinquency petition. Lott v. State, 400 So.2d 10, 12 (Fla. 1981) ("[T]he initial processing of a juvenile through the juvenile court system did not preclude the state attorney from filing an information in the felony division of the circuit court, and [the state attorney] was not required to first obtain a written waiver or a transfer of jurisdiction from the court."). Moreover, the state may direct-file an information irrespective of the juvenile court's denial of its motion to certify Everett for trial as an adult. Petithomme v. State, 610 So.2d 450 (Fla. 3d DCA 1992). Accordingly, the order under review is quashed and the cause remanded for proceedings consistent with this opinion.
Certiorari granted; order quashed; and cause remanded.