COPE, Judge.
The state petitions for a writ of certiorari. We grant the petition.
The state direct-filed four informations against respondent Marvin Wright, pursuant to which the state sought to prosecute Wright, a juvenile, as an adult. See § 39.047(4)(e)5., Fla.Stat. (1993).* The criminal division judge entered an order remanding the cases to the juvenile division of the circuit court, stating that as a preliminary matter, the court would have great difficulty finding the defendant suitable for adult sanctions. The court further stated that the juvenile division had the necessary experience and resources and that the cases should be adjudicated within the juvenile division.
We grant certiorari on authority of State v. Everett, 624 So.2d 853 (Fla. 3d DCA 1993). So far as pertinent here, the law grants the state attorney the prosecutorial discretion to direct-file an information in the criminal division “[w]ith respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, ... when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.” § 39.047(4)(e)5., Fla.Stat. (1993). Under the statute, the case must proceed as an adult prosecution in the criminal division, but in the event of a conviction or plea, the trial court has full authority to impose juvenile sanctions, if appropriate, pursuant to section 39.059, Florida Statutes.
Accordingly, the order remanding the defendant to the juvenile division of the circuit court is quashed.
Certiorari granted.

 The current version of the statute is section 39.052(3)(a)5.b., Florida Statutes' (1995). See also id. § 39.047(4)(e).