332 So.2d 361 (1976)
Nathaniel WARREN, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1303.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Phillip A. Hubbart, Public Defender, and Elliot Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and M. Ann Bradley, Legal Intern, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Nathaniel Warren was charged by information with robbery, aggravated assault, unlawful possession of a firearm by a convicted felon and unlawful possession of a firearm while engaged in a criminal offense. A jury trial was held, during which the trial court granted Warren's motion for judgment of acquittal on the count of unlawful possession of a firearm while engaged in a criminal offense. The jury found Warren guilty of robbery and aggravated assault. The trial judge adjudicated him guilty on those counts and dismissed the charge of unlawful possession by a convicted felon. Warren was sentenced to imprisonment in the state penitentiary for life for robbery, and to a concurrent *362 five year sentence for aggravated assault. In this appeal, he only seeks review of his conviction on the charge of aggravated assault.
Defendant contends that because he was exonerated of the charge of unlawful possession of a firearm while engaged in a criminal offense, although he pointed the pistol at the victim of the robbery, the proof at trial was insufficient to show that the firearm was operable and, therefore, he cannot be convicted of aggravated assault.
Since the offense in this case occurred prior to July 1, 1975, it is governed by § 784.04, Fla. Stat., which in part states:
"Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault... ."
The pivotal question presented on this appeal of the defendant's conviction is whether or not an inoperable gun pointed at someone is a deadly weapon. We hold that when, as in this case, a pistol is pointed at someone during the course of a robbery, the pistol, whether operable or inoperable, is a deadly weapon within the meaning of § 784.04, supra. Reasoning similar to that found in Bass v. State, Fla. App. 1970, 232 So.2d 25, is applicable here. In that case, it is stated at page 27:
"Certainly, when one is confronted by another with a gun and does not know it to be unloaded, the natural reaction is to assume that the gun can be fired and can inflict great bodily harm. In such a situation and under the proper circumstances, it would not be unreasonable for the person assaulted to attempt to repel his assailant by inflicting upon him bodily harm, which attempt might result in the death of the assailant or in the deaths of bystanders in the event that the assailant was not subdued. In such a situation, the possibility of death is not unforeseeable even though the assailant did not load his gun."
Affirmed.