358 So.2d 187 (1978)
Janie Bell WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2324.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahasse, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
*188 DAUKSCH, Judge.
Appellant was charged with murder in the First Degree and convicted of aggravated assault. She was sentenced to the penitentiary for an indeterminate period from six months to fifteen years. Although she has not appealed her sentence we must reverse it because it is clearly error. The maximum sentence under Section 784.021, Florida Statutes (1975) Aggravated Assault, is five years because it is a felony in the third degree. Section 775.082 3(d) provides a maximum of five years for felonies of the third degree. Lest the appellee come beckoning that the "enhanced penalty statute", Section 775.087(1)(c) applies since a weapon was used, we say it does not apply because aggravated assault is an assault with a weapon and that statute specifically excludes "a felony in which the use of a weapon or firearm is an essential element ..." The crime of aggravated assault is already an enhanced penalty statute. It makes the penalty greater than an assault, Section 784.011, Florida Statutes (1975), if a weapon is used or a felony is intended. We do not reach the question as to whether an enhancement of the penalty is available if the accused is convicted of an aggravated assault by assaulting with the intent to commit a felony and a weapon is used. This case is not the proper case to do so because the verdict of the jury was "guilty of aggravated assault with a weapon" and the judgment on the verdict reads the same. See Butler v. State, 343 So.2d 93 (Fla. 3 DCA 1977).
The judgment is affirmed and the sentence is reversed. The cause is remanded for proper sentencing in accordance with this opinion, for a period no longer than five years.
REVERSED and REMANDED.
ANSTEAD, J., and CRAWFORD, GRADY L., Associate Judge, concur.