BOOTH, Judge,
concurring in part, dissenting in part:
I would affirm the judgment below in its entirety. Aggravated assault was charged based on defendant’s use of a starter pistol which he pointed at the victim. The gun was inoperable, but the victim was unaware of that fact and testified: “It looked like a .38 to me,” and “I felt scared.” That is the critical point. The gravamen of any assault is the putting in fear of the victim. The consequences to the victim, innocent bystanders and to the assailant are far more likely to be serious when a deadly weapon is involved. A weapon that is apparently or actually capable in the manner used of causing death or great bodily harm is a “deadly weapon.” In Bass v. State, 232 So.2d 25, 27 (Fla. 1st DCA 1980), this court held:
Certainly, when one is confronted by another with a gun and does not know it to be unloaded, the natural reaction is to assume that the gun can be fired and can inflict great bodily harm. In such a situation and under the proper circumstances, it would not be unreasonable for the person assaulted to attempt to repel his assailant by inflicting upon him bodily harm, which attempt might result in the death of the assailant or in the deaths of bystanders in the event that the assailant was not subdued. In such a situation, the possibility of death is not unforeseeable even though the assailant did not loan his gun. This view comports with the general definition of a “deadly weapon” as one likely to produce death or great bodily injury.
In Warren v. State, 332 So.2d 361, 362 (Fla. 3d DCA 1976), the court affirmed the conviction of assault with a deadly weapon where the pistol involved was not shown to have been operable and held:
The pivotal question presented on this appeal of the defendant’s conviction is whether or not an inoperable gun pointed at someone is a deadly weapon. We hold that when, as in this case, a pistol is pointed at someone during the course of a robbery, the pistol, whether operable or inoperable, is a deadly weapon within the meaning of § 784.04.
Here, as in Warren, the weapon was inoperable. Inoperability, whether temporary or permanent, is of no consequence where unknown to the victim and forms no basis for distinguishing the Bass and Warren cases under the rationale stated in those cases.[1]
*370 In this case, an expert testified that the gun used was a .22 caliber starter pistol which has a firing pin that strikes and explodes gunpowder in blank cartridges but shoots no projectile. The gun would not fire projectiles because of a bar in the cylinder, but, when the cylinder is in place, the bar was not visible to the person having the gun pointed at him. Further testimony was that, because the barrel is larger than the cylinder, a person having this particular pistol pointed at him would believe that it was a larger handgun than a .22 caliber. Finally, expert testimony was that the gun could be made operable and was a “firearm” within the meaning of Florida Statutes § 790.001(6):
“Firearm” means any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive

Most recently, in Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979), the Fourth District Court upheld a conviction for aggravated assault with a deadly weapon based on the use of a starter pistol, citing this court’s opinion in Bass v. State, supra. In Nash, as in the instant case, testimony was that the pistol was capable of being adapted so as to fire a projectile, although it was not so adapted at the time of the commission of the offense. The fact that the weapon can be adapted to fire a projectile indicates its structural similarity to a weapon capable of firing a projectile and substantiates the well-founded fear of the victim.
I dissent from that portion of the majority’s opinion which requires the reduction of the offense to simple assault.

. Cf. McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978), involving a conviction of robbery “while carrying a weapon,” contrary to Florida Statutes § 812.13(2)(b). In that case, the court held that a cigarette lighter “shaped like a gun” did not constitute a “weapon”. There is no discussion of similarity of appearance with that of a real weapon or victim’s belief that real gun was being used.