394 So.2d 570 (1981)
Gary Jerome BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1677/T4-686.
District Court of Appeal of Florida, Fifth District.
March 4, 1981.
Richard L. Jorandby, Public Defender, and Larry S. Weaver, Attorney at Law, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant, after being arrested following a controlled drug buy, used a concealed derringer pistol to shoot two undercover agents. Agent Sears was shot in the head and Agent Wimberly in the throat. Both agents survived but the left side of Agent Sears' face was paralyzed; he is unable to close his left eye and is deaf in the left ear. Charges filed against appellant included attempted first-degree murder of Agent Wimberly (the information alleging that in the furtherance of such attempt appellant did shoot Agent Wimberly with a firearm) and an aggravated battery on Agent Sears by the use of a deadly weapon.
In charging the jury as to aggravated battery, both as a lesser included offense of the attempted murder of Agent Wimberly and as the alleged aggravated battery on Agent Sears, the court explained a battery and then followed section 784.045, Florida Statutes (1979), to define an aggravated battery as a battery in commission of which a person (a) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement or (b) uses a deadly weapon. The trial court further informed the jury that in this case it was alleged that a firearm or handgun was used and, consistent with that allegation, the verdict forms related only to aggravated battery with a firearm. The trial court also gave Florida Standard Jury Instruction *571 (Criminal)[1] 2.17 (based on section 775.087, Florida Statutes), in effect advising the jury that punishment for the crimes charged was greater if they found in their verdict that during the commission of the crimes alleged the accused used a weapon or firearm.
As to both of these charges appellant was convicted of aggravated battery with a firearm, a violation of section 784.045(1)(b), Florida Statutes (1979), classified in section 784.045(2), Florida Statutes (1979), as a felony of the second degree and, therefore, under section 775.082(3)(c), Florida Statutes (1979), punishable by imprisonment not exceeding 15 years.
The trial court applied section 775.087(1)(b), Florida Statutes (1979), and reclassified both offenses to be a felony of the first degree and imposed two consecutive 30 year sentences under section 775.082(3)(b), Florida Statutes (1979).
A problem arises in this case from the fact that there are two separate and distinct types of aggravated battery, i.e., a battery under section 784.045(1)(a) which intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, and a battery under section 784.045(1)(b) which is committed by one who uses a deadly weapon. Obviously in a given case, as here, the facts could be that great bodily harm, permanent disability or permanent disfigurement resulted from the use of a deadly weapon. However, distinctions between these two species of aggravated battery must be carefully made and preserved because of the necessity of procedural and substantive consistency between allegations, proof, verdict, judgment and punishment in criminal cases. Neither battery nor either type of aggravated battery is a necessarily lesser included offense of attempted murder but either type of aggravated battery could have been alleged as a permissible lesser included offense of the attempted murder charge. See Brown v. State, 206 So.2d 377 (Fla. 1968). We hold the allegation "did shoot the said Alan Wimberly with a firearm" to be sufficient to allege a battery committed by use of a deadly weapon (section 784.045(1)(b)), as a lesser included offense of the attempted murder charge. However, section 775.087(1), Florida Statutes (1979), providing for the reclassification of felonies and the consequent enhancement of possible punishment when during the commission of a felony the defendant carries, displays, uses, threatens or attempts to use any weapon or firearm, expressly excepts from its application to "a felony in which the use of a weapon or firearm is an essential element."[2]
Of course, every deadly weapon as used in section 784.045(1)(b), Florida Statutes (1979), (the second type of aggravated battery) is a weapon within the exception in section 775.087(1), Florida Statutes (1979). Therefore, no conviction of aggravated battery under the "deadly weapon" subsection can be enhanced under section 775.087(1), Florida Statutes (1979). See Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978), reaching the same conclusion as to an aggravated assault with a deadly weapon (§ 784.021(1)(a), Fla. Stat. (1979)). Here, as there, we do not reach the question as to whether a battery causing great bodily harm, permanent disability or permanent disfigurement can be reclassified under section 775.087(1)(b), Florida Statutes (1979), where a weapon is used[3] because here the allegations, instructions, verdicts and judgments relate only to aggravated battery by a firearm. Under the allegations in this case, the jury should not have been instructed *572 as to aggravated battery by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement and should not have been instructed as to enhancement of punishment as to aggravated battery by use of a deadly weapon.
We have considered the other points on appeal but find no error as to them.
The sentences as to Count 1 and Count 2 of Case Number CR 77-3699 in the Circuit Court of Orange County, Florida, are each hereby reduced from 30 years to 15 years (with three years minimum mandatory under section 775.087(2)(b), Florida Statutes (1979)) and the judgment and sentences appealed are otherwise, in all respects,
AFFIRMED as modified.
COBB and UPCHURCH, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.985.
[2] Also the note to Florida Standard Jury Instruction (Criminal) 2.17 states that the instruction should not be given if the use of a firearm or weapon is an essential element of the felony.
[3] We do note that if enhancement is to be sought the charging document should carefully allege battery causing great bodily harm, etc., and allege one of the alternative verb forms in Section 775.087(1) relating to use of a weapon or firearm, and the jury should not only be properly instructed but also given alternative verdict forms so they can either find or not find that a weapon or firearm was used.