399 So.2d 445 (1981)
Rosa Lee REEDER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-332.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
*446 James B. Gibson, Public Defender and Burke D. Chester, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant was charged with aggravated assault, a violation of section 784.021(1)(a), Florida Statutes (1979), with the information alleging an assault with a deadly weapon "to-wit: a pistol." Apparently in an attempt to implement section 775.087(1), Florida Statutes (1979), the trial court instructed the jury that punishment for the crime was greater if during the commission of the crime the defendant carries, displays, uses, threatens to use or attempts to use a firearm and submitted verdict forms that included a form for the finding of guilt of aggravated assault as charged with the further proviso in the verdict form for the jury to find that in the commission of said offense the defendant either did or did not use a firearm. The jury found appellant guilty of aggravated assault as charged but also found that during the commission of the offense she did not use a firearm. This appeal is based on a claim that the jury verdict is defective because it is inherently inconsistent.
First we observe that punishment for this type of aggravated assault is not subject to enhancement under section 775.087(1), Florida Statutes (1979). Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978). See also Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981) [1981 F.L.W. 541].
The jury could have found that an assault occurred and that the pistol or object used constituted a deadly weapon but that the State failed to prove beyond a reasonable doubt that the pistol met the statutory definition of a "firearm." See § 790.001(6), Fla. Stat. (1979); Goswick v. State, 143 So.2d 817 (Fla. 1962); Warren v. State, 332 So.2d 361 (Fla. 3d DCA 1976). The jury could also have considered that the aggravated assault occurred as a result of the accused merely threatening to do violence to the person of another with a deadly weapon but have reckoned that to "use a firearm" meant to fire or discharge it. More likely this case illustrates that when criminal procedure directs the jury to concern itself with both the truth of the charges and the consequences of its verdict, its findings as to guilt and its findings relating to matters that legally require a consequence deemed by the jury undesirable, may naturally be inconsistent. Such inconsistency is the price of a "jury pardon" philosophy.
Although expressly extended an opportunity, appellant made no objection as to the form of the verdict before submission to the jury or after the jury returned but before the jury was discharged. We find substantial competent evidence supporting the verdict and do not find the superfluous additional findings of fact sufficient to impeach or invalidate the truth of the verdict.
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.