PER CURIAM.
Appellant was convicted of attempted first degree murder by use of a knife and complains that the lower court erred in adjudicating him guilty because it (1) incorrectly denied his motion in limine seeking exclusion of certain evidence pertaining to the victim’s pregnancy, and (2) imposed an illegal sentence. As to the former issue, we affirm. The evidence relating to the pregnancy had probative value and appellant has failed to show that any danger of prejudice substantially outweighed the evidentiary value of the facts submitted. See Section 90.403, Florida Statutes (1979), and Buchman v. Seaboard Coastline R. R. Co., 381 So.2d 229 (Fla.1980). Moreover, the remarks made by the prosecutor relating to such evidence were not so persuasively improper as to deny appellant a fair trial. Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979).
We agree, however, that the court’s imposition of a life sentence for attempted first degree murder is excessive since the maximum penalty for such offense is 30 years. See King v. State, 390 So.2d 315 (Fla.1980). Such a sentencing error is fundamental even in the absence of objection. Castor v. State, 365 So.2d 701, 703 (Fla.1978).
Accordingly, the life sentence with credit for time previously served awaiting disposition is vacated, and the cause is remanded with directions for the lower court to impose a sentence which is consistent with our opinion.
ERVIN, WENTWORTH and JOANOS, JJ., concur.