415 So.2d 808 (1982)
Larry Alan STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. AG-499.
District Court of Appeal of Florida, First District.
June 16, 1982.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Defendant appeals his life sentence for attempted first degree murder with a firearm. We affirm.
*809 Defendant cites King v. State, 390 So.2d 315 (Fla. 1980) and Bolden v. State, 404 So.2d 417 (Fla. 1st DCA 1981) for the proposition that attempts to commit a capital felony are sentenced as first degree felonies, not as life felonies, even if committed with a firearm or weapon. However, for the following reasons we do not find King and Bolden controlling. In King the State conceded that the trial court erred in sentencing the defendant to life for attempted first degree murder committed while in possession of a weapon. Furthermore, the state apparently did not bring to the court's attention in King the applicability of § 775.087, Fla. Stat., which reclassifies a first degree felony to a life felony when the defendant possesses a weapon or firearm during the commission of the felony unless the use of a weapon or firearm is an essential element of the felony. Likewise, in Bolden the state did not call attention to § 775.087. However, in the instant case the state has raised the applicability of § 775.087.
Since the use of a firearm is not an essential element of attempted first degree murder, we find that the reclassification provision of § 775.087 is applicable. We agree with Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981) that § 775.087 supports a life sentence for attempted first degree murder committed by a defendant while in possession of a firearm. We note that in Williams the state did not point out the applicability of § 775.087 until the motion for rehearing. Since the instant judgment and sentence specifically reflects that defendant was adjudicated guilty of attempted first degree murder while in possession of a firearm, remand is not required as it was in Williams. Accordingly, we find that the trial court properly sentenced the instant defendant to life imprisonment. AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.