PER CURIAM.
Appellant, a juvenile at the time of the offense, was convicted of robbery with a firearm. At the sentencing hearing appellant was sentenced to fifteen years imprisonment. The trial court did not consider the mandatory sentencing provisions of Section 39.111(6), Florida Statutes (1979), in arriving at this disposition. However, no objection was raised by the defense at the time. Appellant raises the issue for the first time on appeal.
In a survey of the case law in this State, it appears that a distinction is made between those cases where the failure to follow the provisions of Section 39.111(6), Florida Statutes (1979), was raised in the trial court as opposed to those cases where such failure is raised for the first time on appeal.
Under the circumstances of this ease, we determine that the judgment should be affirmed, but without prejudice to appellant’s right to seek relief under Florida Rule of Criminal Procedure 3.850, if he is so advised. Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA), cert. denied, 454 U.S. 973, 102 S.Ct. 524, 70 L.Ed.2d 393 (1981); O’Berry v. State, 406 So.2d 1251 (Fla. 5th DCA 1981), and Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981); cf. Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982).
On the other hand, if the point is preserved in the trial court, we would expect to reverse and remand the cause with instructions to resentence such appellant pursuant to Section 39.111(6), Florida Statutes (1979). Eady v. State, 388 So.2d 9 (Fla. 2d DCA 1980); Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981).
Affirmed without prejudice to appellant’s right to seek relief under Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
GLICKSTEIN, DELL and WALDEN, JJ., concur.