DAUKSCH, Judge.
This is an appeal from a sentence in a sexual battery and kidnapping case.
We agree with appellant that he was improperly convicted of sexual battery in Count V because there was no proof of penetration.
We agree also with appellant that the court improperly departed from the recommended guideline sentence because he failed to provide clear and convincing written reasons for departure. Rease v. State, 493 So.2d 454 (Fla.1986); Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987).
We disagree with appellant that the judge erred in enhancing the penalties. Appellant was charged in five counts of sexual battery with force likely to cause serious personal injury. He was found guilty of two counts of sexual battery with threat of great force, two counts of sexual battery with threat of slight force and in the remaining count he was found not guilty. In each of the verdicts the jury found that the offense was committed “with a firearm.” This latter finding permits enhancement of the sentence under section 775.087, Florida Statutes (1977).
The state charged the appellant with sexual battery with the use of “force likely to cause serious personal injury” under section 794.011(3) and included in the charge that he “did in the process thereof use, *223 threaten to use, or carried a firearm.” The first quoted portion of the charge accuses him of the crime while the second quoted portion makes operative the “reclassification” statute. § 775.087. Appellant would have us hold that because the statute under which he was charged provides an alternative means by which to commit a crime, “uses or threatens to use a deadly weapon,” that section 775.087 is unavailable to the sentencing judge. He argues that section 775.087 specifically excludes felonies in which the use of a weapon or firearm is an essential element. While he is correct that the statute excludes those felonies, he is incorrect that the exclusion applies here.
The appellant in this case was not charged with sexual battery “and in the process thereof uses or threatens to use a deadly weapon.” He was charged with using “actual physical force likely to cause serious personal injury,” an alternative way of committing the crime. He was also charged, incidentally, with using, threatening to use or carrying a firearm. As we said, this was to make the enhancement operative. Under the first alternative, “in the process thereof uses or threatens to use a deadly weapon,” the proof is different from that in the enhancement statute. The first requires proof of use of a deadly weapon. Conversely, the enhancement statute only requires proof that a firearm was carried.
The conviction on Count V is reversed, the sentence vacated and this cause remanded for resentencing. The judgment is hereby corrected to indicate an adjudication of guilt for one life felony sexual battery, one life felony kidnapping with a firearm and two first degree felony sexual batteries.
AFFIRMED in part; REVERSED in part; REMANDED.
SHARP, C.J., and COWART, J., concur.