554 So.2d 638 (1989)
Hervey LAREAU, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0576.
District Court of Appeal of Florida, Fourth District.
December 28, 1989.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm the appellant's conviction and sentence which was enhanced, by the use of a firearm, from a second to a first degree felony.
The defendant, charged with attempted murder, entered a negotiated plea to the reduced charge of aggravated battery. An aggravated battery may be committed by either: (a) causing great bodily harm, permanent disability or permanent disfigurement; or (b) use of a deadly weapon. § 784.045(1), Fla. Stat. (1985). The record reflects that this plea was negotiated, entered, and accepted as made under subsection (a) of the statute, by causing great bodily harm. The plea also included an acknowledgment that the crime was committed with a firearm.
The defendant understood that the state would contend, and that the court might find, that the sentence should be enhanced by the application of section 775.087(1), Florida Statutes (1985):
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, ... the felony for which the person is charged shall be reclassified as follows:
(b) In the case of a felony of the second degree, to a felony of the first degree.
We note that the defendant has not sought to withdraw his plea, nor does he contest the imposition of the three year mandatory minimum for use of a firearm.
It is undisputed that a defendant convicted of an aggravated battery by using a deadly weapon, under section 784.045(1)(b), Florida Statutes, may not be subjected to *639 further enhancement of the penalty through the application of section 775.087(1), Florida Statutes, because the weapon is, as defined under that subsection, an essential element of the offense. E.g., Bradfield v. State, 438 So.2d 1005 (Fla. 2d DCA 1983); Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987), rev. denied, 523 So.2d 578 (Fla. 1988); Webb v. State, 410 So.2d 944 (Fla. 1st DCA), rev. denied, 421 So.2d 68 (Fla. 1982); Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). See also Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).
The appellant principally relies upon the statement in Bradfield that an aggravated battery, already being an enhanced battery, is "not subject to being further enhanced by the use of section 775.087(1)."
The state argues that an aggravated battery sentence is subject to enhancement by use of a firearm where the conviction is founded only upon subsection (a) (great bodily harm) of 784.045(1), and where the use of a firearm is asserted solely for the purpose of enhancement. This is apparently an issue of first impression although, by dicta, two opinions have recognized that there may be a potential distinction as argued by the state.
In Williams v. State, this court held that a conviction for aggravated assault with a weapon was not subject to enhancement because the use of the weapon under the verdict was an essential element of the conviction. However, the opinion went on to recognize that aggravated assault, under section 784.021 may be committed either by use of a weapon or by committing an assault with the intent to commit a felony, and stated:
We do not reach the question as to whether an enhancement of the penalty is available if the accused is convicted of an aggravated assault by assaulting with the intent to commit a felony and a weapon is used. This case is not the proper case to do so because the verdict of the jury was "guilty of aggravated assault with a weapon" and the judgment on the verdict reads the same.
358 So.2d at 188.
Similarly, in Bell v. State, involving a conviction for aggravated battery under subsection (b) use of a deadly weapon, the court recognized:
A problem arises in this case from the fact that there are two separate and distinct types of aggravated battery, i.e., a battery under section 784.045(1)(a) which intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, and a battery under section 784.045(1)(b) which is committed by one who uses a deadly weapon. Obviously in a given case, as here, the facts could be that great bodily harm, permanent disability or permanent disfigurement resulted from the use of a deadly weapon. However, distinctions between these two species of aggravated battery must be carefully made and preserved because of the necessity of procedural and substantive consistency between allegations, proof, verdict, judgment and punishment in criminal cases. Neither battery nor either type of aggravated battery is a necessarily lesser included offense of attempted murder but either type of aggravated battery could have been alleged as a permissible lesser included offense of the attempted murder charge. See Brown v. State, 206 So.2d 377 (Fla. 1968).

* * * * * *
Of course, every deadly weapon as used in section 784.045(1)(b), Florida Statutes (1979), (the second type of aggravated battery) is a weapon within the exception in section 775.087(1), Florida Statutes (1979). Therefore, no conviction of aggravated battery under the "deadly weapon" subsection can be enhanced under section 775.087(1), Florida Statutes (1979). See Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978), reaching the same conclusion as to an aggravated assault with a deadly weapon (§ 784.021(1)(a), Fla. Stat. (1979)). Here, as there, we do not reach the question as to whether a battery causing great bodily *640 harm, permanent disability or permanent disfigurement can be reclassified under section 775.087(1)(b), Florida Statutes (1979), where a weapon is used because here the allegations, instructions, verdicts and judgments relate only to aggravated battery by a firearm.
394 So.2d at 571. The court also added the following footnote:
We do note that if enhancement is to be sought the charging document should carefully allege battery causing great bodily harm, etc., and allege one of the alternative verb forms in Section 775.087(1) relating to use of a weapon or firearm, and the jury should not only be properly instructed but also given alternative verdict forms so they can either find or not find that a weapon or firearm was used.
Id. at 571 n. 3.
It has also been determined that a conviction for sexual battery under section 794.011, Florida Statutes, may be subject to enhancement where the offense is committed with a firearm and the weapon is not included in the charge. Ingraham v. State, 527 So.2d 222 (Fla. 5th DCA), rev. denied, 534 So.2d 400 (Fla. 1988). In Ingraham, enhancement was upheld despite the fact that the defendant could have been charged with committing the offense by use of the deadly weapon. The court said:
The state charged the appellant with sexual battery with the use of "force likely to cause serious personal injury" under section 794.011(3) and included in the charge that he "did in the process thereof use, threaten to use, or carried a firearm." The first quoted portion of the charge accuses him of the crime while the second quoted portion makes operative the "reclassification" statute. § 775.087. Appellant would have us hold that because the statute under which he was charged provides an alternative means by which to commit a crime, "uses or threatens to use a deadly weapon," that section 775.087 is unavailable to the sentencing judge. He argues that section 775.087 specifically excludes felonies in which the use of a weapon or firearm is an essential element. While he is correct that the statute excludes those felonies, he is incorrect that the exclusion applies here.
The appellant in this case was not charged with sexual battery "and in the process thereof uses or threatens to use a deadly weapon." He was charged with using "actual physical force likely to cause serious personal injury," an alternative way of committing the crime. He was also charged, incidentally, with using, threatening to use or carrying a firearm. As we said, this was to make the enhancement operative.
Id. at 222-223. We also note that the degree of crime under section 794.011(3), (4) also, as in a battery, increases with the degree of seriousness of the defendant's act or risk of injury to the victim. Similarly, the enhancement statute has been found applicable to the charge of attempted murder. See Strickland v. State, 415 So.2d 808 (Fla. 1st DCA 1982); Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981).
We conclude that the use of a deadly weapon was not an element of the defendant's plea in this case which was specifically directed to the alternative method of committing the offense. However, we recognize a possible conflict with the language in Bradfield indicating a more restrictive standard that would preclude the application of the enhancement statute to any aggravated battery.
HERSEY, C.J., and DELL, J., concur.