573 So.2d 813 (1991)
Hervey LAREAU, Petitioner,
v.
STATE of Florida, Respondent.
No. 75385.
Supreme Court of Florida.
January 10, 1991.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff and Eric M. Cumfer, Asst. Public Defenders, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Patricia G. Lampert and John M. Koenig, Jr., Asst. Attys. Gen., West Palm Beach, for respondent.
PER CURIAM.
We accepted jurisdiction to resolve an asserted conflict between Lareau v. State, 554 So.2d 638 (Fla. 4th DCA 1989), and Bradfield v. State, 438 So.2d 1005 (Fla. 2d DCA 1983).[1] The issue is whether section 775.087(1) of the Florida Statutes (1985) authorizes a trial court to reclassify aggravated battery from a second-degree felony to a first-degree felony when the defendant uses a deadly weapon to commit the offense defined in section 784.045(1)(a) of the Florida Statutes (1985). We conclude that it does, and we approve the decision of the court below.
The state filed an information charging Hervey Lareau with attempted first-degree murder by shooting Hortense Lareau with a handgun. Pursuant to a plea bargain, Lareau signed a written acknowledgment and waiver of rights. In that form, he agreed to plead to the lesser offense of "Aggravated Battery (great bodily harm) w/ firearm," with the understanding that his sentence would be the maximum allowed by the guidelines, including a three-year minimum mandatory sentence for the use of a firearm in the commission of a *814 felony.[2] Lareau and the state, however, did not agree on what the maximum guideline sentence should be. Lareau argued that the offense should be scored as a second-degree felony.[3] The state contended that it should be scored as a first-degree felony.[4] The trial court agreed with the state and sentenced Lareau to four years' imprisonment, including the three-year minimum mandatory term. The district court affirmed the sentence. Lareau v. State, 554 So.2d 638 (Fla. 4th DCA 1989).
Lareau claims that the offense to which he pled was a second-degree felony based on section 784.045(2) of the Florida Statutes (1985), which provides:
784.045 Aggravated battery. 
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(Emphasis supplied.)
The state argues that Lareau pled guilty to aggravated battery causing great bodily harm pursuant to section 784.045(1)(a), and not to aggravated battery with the use of a deadly weapon pursuant to section 784.045(1)(b); that his use of a firearm thus was incidental to the offense to which he pled; and that because the use of a weapon or firearm was not an element of section 784.045(1)(a), the trial court appropriately reclassified the crime as a first-degree felony pursuant to section 775.087(1)(b). That statute provides in relevant part:
775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
... .
(b) In the case of a felony of the second degree, to a felony of the first degree.
By basing Lareau's conviction on section 784.045(1)(a) and not on section 784.045(1)(b), the trial and district courts determined, as the state argues here, that the use of a weapon was not an essential element of the crime, and therefore section 775.087(1)(b) could be used to enhance the penalty. Lareau alleges that the Fourth District Court's decision conflicts with Bradfield, where the Second District Court said "aggravated battery is already an enhanced penalty offense not subject to being further enhanced by the use of section 775.087(1)." Bradfield, 438 So.2d at 1005.
The facts of this case require us to examine the interplay of the reclassification statute, section 775.087(1), with the aggravated battery statute, section 784.045. We first note that both provisions took their current form in the same legislative act, chapter 74-383, sections 9, 20, Laws of Florida. There, the legislature created the reclassification statute, section *815 775.087, and substantially reworded the aggravated battery statute by adding to section 784.045 subsection (1)(b) to reclassify as a second-degree felony the misdemeanor crime of simple battery when the battery is committed with a deadly weapon. Both sections 775.087 and 784.045 were intended to serve the same purpose: to increase the punishment of violent felonies as the degree of actual injury or potential for serious injury becomes great. This Court has long followed the rule that when two conflicting or ambiguous provisions of the same legislative act were intended to serve the same purpose, they must be read in pari materia to ascertain the overall legislative intent and to harmonize the provisions so that the fullest effect can be given to each. See, e.g., State ex rel. Fla. Jai Alai, Inc. v. State Racing Comm'n, 112 So.2d 825, 828 (Fla. 1959) (citing Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574, 575 (Fla. 1958)).
As we read the two provisions at issue, section 784.045(1)(a) effectively reclassifies as a second-degree felony the crime of simple battery, section 784.03 of the Florida Statutes (1985), when the defendant, without the use of a deadly weapon, knowingly or intentionally causes great bodily harm, permanent disability, or permanent disfigurement. Section 784.045(1)(b) effectively reclassifies as a second-degree felony the crime of simple battery when a deadly weapon is used, by supplementing the statutory definition of aggravated battery to include the use of a deadly weapon. Simple battery, a first-degree misdemeanor, is not subject to reclassification pursuant to section 775.087(1), which applies only to felonies. Aggravated battery with the use of a deadly weapon, section 784.045(1)(b), is not subject to reclassification pursuant to section 775.087(1) because the use of a weapon is an essential element of the crime. However, section 775.087(1) permits reclassification and the consequential enhancement of penalties for the crime of aggravated battery causing great bodily harm, section 784.045(1)(a), when a weapon is used to commit the crime.
Under this statutory interpretation, the punishment for battery increases as the degree of actual injury or potential for serious injury becomes greater. For example, a simple battery without the use of a deadly weapon is a first-degree misdemeanor (section 784.03); a simple battery involving the use of a deadly weapon is a second-degree felony (statutorily redefined by section 784.045(1)(b) as aggravated battery); aggravated battery causing great bodily harm is a second-degree felony (section 784.045(1)(a)); and aggravated battery causing great bodily harm and involving the use of a deadly weapon is a first-degree felony (section 784.045(1)(a), enhanced by section 775.087(1) by virtue of the use of a weapon or firearm). This interpretation gives consistent effect to both the felony reclassification statute and the provision defining aggravated battery involving the use of a deadly weapon, and it conforms with the legislative intent of increasing the punishment of violent crimes that involve a weapon or firearm. It is also consistent with the language in section 775.087(1) providing for reclassification of felonies where the use of a weapon or firearm is not an essential element of the crime.
Moreover, in light of the legislative intent of increasing punishment as the degree of actual injury or potential for serious injury becomes great, it is improbable that the legislature would provide for reclassification of other felonies while excluding aggravated battery, which involves bodily harm, from the reach of the reclassification statute.
For the reasons stated above, we approve the decision below and disapprove Bradfield to the extent that it conflicts with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and GRIMES, JJ., and EHRLICH, Senior Justice, concur.
KOGAN, J., dissents.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Section 775.087(2)(a) of the Florida Statutes (1985) provides:

(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes ...
... .
and who had in his possession a "firearm," as defined in s. 790.001(6) ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.
The application of this provision is not in issue here.
[3] The recommended guideline sentence for a second-degree felony was twelve to thirty months' imprisonment.
[4] The recommended guideline range for a first-degree felony was three and one-half to four and one-half years' imprisonment.