GRIFFIN, Judge.
We find no merit in appellant’s contention that the trial court reversibly erred by excluding the testimony of the defendant’s alibi witness first identified in mid-trial. Nor do we agree that this court’s decision in Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981), prevents enhancement of appellant’s aggravated battery conviction based on the use of a firearm.
At trial, on two occasions, without objection, the jury was instructed on aggravated battery,[1] as a permissive lesser included offense of the charged offense of attempted first degree murder. This instruction included the two alternative means of committing aggravated battery (great bodily harm, deadly weapon).[2] Lareau v. State, 573 So.2d 813 (Fla.1991). While it is true that, as in Bell, the information did not contain an allegation that would have supported an instruction on aggravated battery based on great bodily harm, the record reflects that the giving of the instruction was agreed to by the defendant. Moreover, comments made by defense counsel throughout the trial reflect his awareness that both the alternatives of “permanent or serious bodily injury” and “use of a firearm” would be included in the court’s instruction on aggravated battery as a permissive lesser included offense. Indeed, counsel’s opening statement and closing argument shows that one of the two key defense strategies was to convince the jury that the state had proved only aggravated battery.[3] The evidence in the case clearly supported an instruction on aggravated battery by great bodily harm and the defendant waived any objection based on the lack of any great bodily harm allegation in the information charging attempted first degree murder. Ray v. State, 403 So.2d 956, 961 (Fla.1981). Cf. State v. Von Deck, 607 So.2d 1388 (Fla.1992); Von Deck v. State, 593 So.2d 1129, 1130 (Fla. 5th DCA 1992). Because, unlike in Bell, the giving of the instruction was not error, the jury verdict finding appel *500 lant guilty of “aggravated battery and in the course thereof did use a firearm” will support enhancement for use of the firearm.
We agree with appellant that the lower court erred in its ruling that it was mandatory to sentence appellant to life imprisonment after adjudicating him a habitual violent felony offender. Any doubt on this issue was dispelled in Burdick v. State, 594 So.2d 267, 271 (Fla.1992). Accordingly we vacate the sentence in Count II and remand for reconsideration in light of Burdick.
JUDGMENT AFFIRMED; SENTENCE VACATED, in part, and REMANDED.
GOSHORN, C.J., and W. SHARP, J., concur.

. § 784.045, Fla.Stat. (1989).

. Although the record contains no suggestion that it was intentionally done, the trial transcript shows that on both occasions (most plainly, the latter) the jury was instructed that aggravated battery required both great bodily harm and use of a deadly weapon. The instruction was incorrect; however, the instruction obviates the question whether the jury’s verdict establishes a jury finding that the defendant had caused great bodily harm.

.The injuries occurred when six black males attacked two brothers exiting Wet 'N Wild theme park in Orlando. The incident apparently arose out of an earlier altercation in which the brothers had used racial epithets and insults in rebuffing the insistent efforts of two of the six to sell them cocaine. When the six men approached the victim, the defendant pulled a revolver and shot one victim in the stomach, the other in the hip and knee. The defense argued on closing that the state may have proved an intent to grievously injure with a deadly weapon but had not proved an intent to kill.