636 So.2d 599 (1994)
Kenny M. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1404.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven J. Guardiano, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The jury found appellant guilty of "aggravated battery causing great bodily harm with a weapon."[1] We affirm on the authority of Lareau v. State, 573 So.2d 813, 815 (Fla. 1991)[2] ("section 775.087(1) permits reclassification and the consequential enhancement of penalties for the crime of aggravated battery causing great bodily harm, section 784.045(1)(a), *600 when a weapon is used to commit the crime."); Hayward v. State, 590 So.2d 976 (Fla. 5th DCA 1991); cf. Randolph v. State, 591 So.2d 279 (Fla. 5th DCA 1991), rev. denied, 634 So.2d 626 (Fla. Jan. 24, 1994).
AFFIRMED.
HARRIS, C.J., and PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] The verdict form provided, inter alia, three alternatives of aggravated battery that could have been chosen by the jury including the one stated above, aggravated battery causing great bodily harm, and aggravated battery with a weapon. The jury chose the one they deemed to be supported by the facts and which bears a penalty of a felony of the first degree.
[2] We are troubled by the failure of appellant's counsel to cite in his brief Lareau or Gonzalez v. State, 585 So.2d 932 (Fla. 1991). These two supreme court cases would have avoided this sole issue on appeal. The state's answer brief cited Lareau, but appellant filed no reply brief to concede or distinguish that authority.