WARNER, J.
We affirm the denial of appellant’s motion to correct an illegal sentence. He claims that the court illegally enhanced his aggravated battery conviction pursuant to section 775.087(1), Florida Statutes, by reason of the use of a weapon, when his aggravated battery conviction was not subject to reclassification because the use of a weapon was an essential element of the crime. However, based upon the record, the sentence was not illegally enhanced, because the use of a weapon was not an essential element in this case. We thus affirm.
Appellant was charged with attempted second degree murder. The information alleged that he used a knife and specifically referred to section 775.087(1), indicating that the state was seeking an enhancement of the sentence under that statute. At trial, the jury was instructed on the lesser offense of aggravated battery pursuant to section 784.045(l)(a)l., defining the crime as “[ijntentionally or knowingly causing] great bodily harm, permanent disability, or permanent disfigurement.” The jury was not instructed on aggravated battery pursuant to section 784.045(l)(a)2., which consists of the use of a deadly weapon. For purposes of enhancement, a special interrogatory asked the jury to determine whether the appellant used a knife during the incident, to which it answered “yes.”
Lareau v. State, 573 So.2d 813, 815 (Fla.1991), states: “[Ejection 775.087(1) permits reclassification and the consequential enhancement of penalties for the crime of aggravated battery causing great bodily harm, section 784.045(l)(a), when a weapon is used to commit the crime.” That is what occurred in this case.

Affirmed.

POLEN and STEVENSON, JJ., concur.